Zi C. Lin, SBN 236989
zlin@garrett-tully.com
Adjoa M. Anim-Appiah, SBN 301918
aanim-appiah@garrett-tully.com
GARRETT & TULLY, P.C.
225 S. Lake Ave., Suite 1400
Pasadena, California 91101-4869
Telephone: (626) 577-9500
Facsimile:  (626) 577-0813

[Proposed] Attorneys for Chapter 7 Trustee,
Wesley H. Avery

*Fiducia in faciem dubitationem*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JENNY MELENDEZ, an individual,<br>            Debtor.<br><br>TAX ID # XXX-XX-2010. | Case No. 2:18-bk-20374-ER<br>(Honorable Ernest M. Robles)<br><br>Adv. Case No.<br><br>Chapter 7 |
| WESLEY H. AVERY, Chapter 7 Trustee of<br>the Bankruptcy Estate of JENNY<br>MELENDEZ, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>JENNY MELENDEZ, an individual, and<br>CLARA E. MELENDEZ, an individual,<br>and DOES 1-20.<br><br>            Defendants. | **TRUSTEE'S COMPLAINT FOR:**<br>    **(1) A DECLARATORY JUDGMENT**<br>    **REGARDING PROPERTY OF THE**<br>    **BANKRUPTCY ESTATE;**<br>    **(2) TURNOVER;**<br>    **(3) INJUNCTIVE RELIEF; AND**<br>    **(4) SALE OF A PROPERTY IN**<br>    **WHICH A NON-DEBTOR ASSERTS**<br>    **AN INTEREST** |

GARRETT & TULLY
A PROFESSIONAL CORPORATION

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, AND THE DEFENDANTS:**

Plaintiff Wesley H. Avery, the duly appointed and acting Chapter 7 trustee (the "Trustee"), for the bankruptcy estate (the "Estate") of Jenny Melendez, an individual (the "Debtor"), hereby complains of the above-captioned defendants, and each of them, as follows.

<b>JURISDICTION</b>

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (2) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(a) and § 157(b)(2)(A), (E), (H) and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a). This adversary proceeding is related to *In re Jenny Melendez*, Chapter 7 case no. 2:18-bk-20374-ER, which is pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division. The Trustee consents to entry of final orders or judgment by the bankruptcy court.

2.      The instant complaint (the "Complaint") initiates an adversary proceeding (the "Adversary Proceeding") by which the Trustee seeks a judgment declaring that the Trustee, on behalf of the Estate, holds 66.67% of the legal title, 100% of the beneficial and equitable title to the real property located at 1225 West 123rd Street, Los Angeles, California 90044, APN 6089-010-018 ("the Property"), and defendant Clara E. Melendez (debtor's mother) holds bare legal title to 33.33% of the legal title of the Property. The Property constitutes property of the Estate, by operation of 11 U.S.C. section 541(a)(1).

<b>PARTIES</b>

3.      Plaintiff Wesley H. Avery ("Avery") is the duly appointed and acting Chapter 7 trustee of the Debtor in Case No. 2:18-bk-20374-ER (the "Bankruptcy Case"). Jenny Melendez, an individual (the "Debtor") commenced the Bankruptcy Case by filing a chapter 7 voluntary petition (the "Petition"), Schedules and Statement of Financial Affairs on September 5, 2018 (the "Petition Date"). Avery was subsequently appointed as the Trustee.

4.      Defendant the Debtor resides in the Central District of California.

5.      The Trustee is informed and believes, and thereupon alleges, that defendant Clara

GARRETT & TULLY
A PROFESSIONAL CORPORATION

1  E. Melendez (Debtor's mother) resides in the Central District of California.

2       6.     The Trustee is ignorant of the true names and capacities of defendants named

3  herein as DOES 1-20, and therefore sues these defendants by such fictitious names. The Trustee

4  will amend this Complaint to state their true names and capacities when ascertained, together with

5  appropriate charging allegations. The Trustee is informed and believes, and therefore alleges, that

6  each of these fictitiously-named defendants is responsible in some manner for the occurrences

7  herein alleged, and that the damages as herein alleged were proximately caused by such

8  defendants.

9      **THE REAL PROPERTY THAT IS THE SUBJECT OF THIS ADVERSARY**

10      **PROCEEDING**

11       7.     The following real property is located in the Central District of California: a single

12  family residence located at 1225 West 123rd Street, Los Angeles, California 90044, APN 6089-

13  010-018 (the "Property"). The legal description of the Property is as follows:

14                 LOT 18 IN BLOCK "G" OF THE TOWNSITE OF HOWARD
               (FORMERLY ROSECRANS) IN THE COUNTY OF LOS

15                 ANGELES, STATE OF CALIFORNIA, AS PER MAP
               RECORDED IN, BOOK 22 PAGE(S) 59 OF MISCELLANEOUS

16                 RECORDS, IN THE OFFICE OF THE COUNTY RECORDER
               OF SAID COUNTY.

17                 **GENERAL ALLEGATIONS**

18       8.     In a grant deed recorded May 27, 2004, as document no. 041363873, "Juan Castro

19  a single man" conveyed title to the Property to "Juan Castro, a Single Man, as to an undivided

20  50,0000% interest and Altura Management, Inc., a California Corporation, as to an undivided

21  50.0000% interest."

22       9.     In a grant deed recorded May 27, 2004, as document no. 041363874, "Juan Castro,

23  a single man" conveyed its interest in the title to the Property to "Elmer Rivas and Jenny

24  Melendez, husband and wife as joint tenants." In another grant deed recorded May 27, 2004, as

25  document no. 041363875, "Altura Management, Inc., a California Corporation" conveyed its

26  interest in title to the Property to "Elmer Rivas and Jenny Melendez, husband and wife as joint

27  tenants." The Trustee is informed and believes, and thereupon alleges, that Debtor and Elmer

28

GARRETT & TULLY
A PROFESSIONAL CORPORATION

1  Rivas purchased the Property with their community funds, and the Property is community

2  property despite Debtor and Elmer Rivas taking title to the Property as "joint tenants." (*In re*

3  *Brace,* 566 B.R. 13, 15-16, 26-28 (2017) (*Brace*), citing *Valli v. Valli* (*In re Marriage of Valli*), 58

4  Cal.4th 1396 (2014).)

5        10.     In a grant deed recorded February 5, 2008, as document no. 20080211050, "Elmer

6  Rivas and Jenny Melendez, Husband and Wife as Joint Tenants" purportedly conveyed title to the

7  Property to "Elmer Rivas and Jenny Melendez, Husband and Wife and Clara E. Melendez, a

8  Single Woman, all as Joint Tenants." At this time, Elmer Rivas, Debtor Jenny Melendez, and

9  defendant Clara E. Melendez each held 33.3% of the legal title to the Property. This grant deed

10  stated that there was no documentary transfer tax and "This is a bonafide gift and the grantor

11  received nothing in return, R & T 11911." Under California law, a grantor is judicially estopped

12  from denying the terms of a deed signed and delivered by the grantor to the grantee. As such, the

13  admission of Debtor in this deed that the transfer of the Property was for no consideration is

14  conclusive. (See *Tartar v. Hall*, 3 Cal. 263, 266 (1853) (*Tartar*); Cal. Evid. Code §§ 620, 622 and

15  623.) Debtor received less than reasonably equivalent value in exchange for the transfer.

16        11.     On April 8, 2008, the Los Angeles Superior Court entered a divorce judgment in

17  *Elmer De Jesus Rivas v. Jenny Rivas*, case no. BD471773 (the "Divorce Judgment"), which held

18  that the division of Elmer Rivas' and Debtor's community property is ordered as set forth in the

19  attached stipulation. The attached stipulation to the Divorce Judgment, executed by Elmer Rivas

20  and Debtor on February 8, 2008, provides that title to the Property shall be vested in Debtor's

21  name alone:

22           (4) The real property located at 1225 W. 123nd Street, Los
Angeles, CA 90044, legally described as follows: HOWARD LOT

23          18 BLK G, Assessor's Identification No: 6089-010-018.
Respondent shall refinance the existing mortgage on said real

24          property in her name alone. Petitioner shall execute any and all
documents, including but not limited to refinancing documents,

25          escrow documents, title documents and deeds, to place said real
property in Respondent's name alone.

26

27        12.     In a grant deed recorded May 1, 2008, as document no. 20080766224, "Elmer

28  Rivas and Jenny Melendez, Husband and Wife and Clara E. Melendez, A Single Woman, All as

**GARRETT & TULLY**
A PROFESSIONAL CORPORATION

GARRETT & TULLY
A PROFESSIONAL CORPORATION

1   Joint Tenants" purported to grant title to the Property to "Jenny Melendez, An unmarried Woman

2   and Clara E. Melendez, A Single Woman, as Joint Tenants." This grant deed stated that there was

3   no documentary transfer tax and "This is a bonafide gift and the grantor received nothing in return,

4   R & T 11911." Under California law, a grantor is judicially estopped from denying the terms of a

5   deed signed and delivered by the grantor to the grantee. As such, the admission of Debtor in this

6   deed that the transfer of the Property was for no consideration is conclusive. (*Tartar*, *supra*, 3 Cal.

7   at p. 266; Cal. Evid. Code §§ 620, 622 and 623.) Debtor received less than reasonably equivalent

8   value in exchange for the transfer. The Divorce Judgment supports the conclusion that by this

9   grant deed, Elmer Rivas granted his 33.3% of the Property to Debtor, resulting in Debtor owning

10  66.67 percent of the legal title of the Property, and Clara E. Melendez owning the remaining 33.33

11  percent of the legal title to the Property.

12         13.    The Trustee is informed and believes that the only outstanding lien encumbering

13  the Property is a $270,400 deed of trust, recorded on November 12, 2013, as document no.

14  20131604987 in favor of Wells Fargo Bank, NA ("Wells Fargo DOT"). The Trustee is not seeking

15  to avoid the Wells Fargo DOT.

16         14.    The Trustee is informed, and believes, and thereupon alleges, that the Property has

17  valuable equity for the benefit of the Debtor's creditors, and the Property constitutes all or

18  substantially all of the Debtor's non-exempt assets.

19         15.    Debtor's schedules in the Bankruptcy Case did not list Debtor's true interest in the

20  Property. Debtor's Schedule A stated she has a 50% interest in the Property. Debtor actually owns

21  66.6% of the legal title to the Property, and 100% of the beneficial and equitable title to the

22  Property, which constitute property of the Estate. Defendant Clara E. Melendez holds bare legal

23  title to 33.33% of the subject property, and did not pay any consideration for it. The Trustee is

24  informed and believes and thereupon alleges, that Debtor pays the entire monthly mortgage

25  payments for the property. Debtor claimed in her 2017 Federal Tax Return that she incurred

26  $11,783 in home mortgage interest. This is consistent with Debtor's September 2018 mortgage

27  statement for the Wells Fargo DOT, which states that the monthly interest payment is $958.50.

28  The Trustee is informed and believes and thereupon alleges, that Debtor pays for the utilities on

1    the Property (as set forth in Debtor's Schedule J) and has continuously controlled the Property

2    since she obtained it as community property in May 2004.

## I.

### FIRST CAUSE OF ACTION

**[For a Declaratory Judgment regarding the Property located at 91225 West 123rd Street,**

**Los Angeles, California 90044, which is property of the Bankruptcy Estate-**

**28 U.S.C. § 2201; 11 U.S.C. section 541(a)(1)]**

8    16.    The Trustee refers to and incorporates herein each and every allegation contained in

9    Paragraphs 1 through 15, inclusive, of this Complaint as though fully set forth at length herein.

10    17.    The Trustee, on behalf of the Estate, holds 66.67% of the legal title, and 100% of

11    the beneficial and equitable title to the real property located at 1225 West 123rd Street, Los

12    Angeles, California 90044, APN 6089-010-018 ("the Property"). The Property constitutes

13    property of the Estate, by operation of 11 U.S.C. section 541(a)(1).

14    18.    A dispute has arisen and an actual controversy now exists between the Trustee and

15    the Defendants (collectively, the "Parties") concerning their respective rights and duties

16    concerning the Property. The Trustee therefore requests a judicial declaration of the rights and

17    obligations of the Parties with regard to their respective interests in the Property, and that 66.67%

18    of the legal title to the Property, and 100% of the beneficial and equitable title to the Property,

19    which constitute property of the Estate.

## II.

### SECOND CAUSE OF ACTION

**[Turnover - 11 U.S.C. § 542 and Cal. Civ. Code § 1950.5(h)]**

23    19.    The Trustee refers to and incorporates herein each and every allegation contained in

24    Paragraphs 1 through 18, inclusive, of this Complaint as though fully set forth at length herein.

25    20.    The Property is property of the Estate that the Trustee may use, sell or lease under

26    11 U.S.C. section 363, and relate to the Debtor's financial affairs. (*Brace,* 566 B.R. at pp. 15-16.)

27    21.    The Trustee is entitled to turnover of the Property pursuant to Section 542(a) and

28    (e), and Cal. Civ. Code § 1950.5(h).

GARRETT & TULLY
A PROFESSIONAL CORPORATION

GARRETT & TULLY
A PROFESSIONAL CORPORATION

**III.**

**THIRD CAUSE OF ACTION**

**[Injunction - 11 U.S.C. § 105(a)]**

22.      The Trustee refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 21, inclusive, of this Complaint as though fully set forth at length herein.

23.      "The basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." (*Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803 (1982); see also *Stanley v. Univ. of So. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).)

24.      The Trustee, and the Estate will be irreparably harmed if the Defendants are not enjoined from: (i) recording liens against the Property, (ii) committing acts of waste involving the Property; or (iii) interfering with the Trustee's operation or sale of the Property. The Trustee has no adequate legal remedy to prevent the Defendants aforementioned harmful conduct.

25.      The Trustee is therefore entitled to injunctive relief which enjoins the Defendants from: (i) recording liens against the Property, (ii) committing acts of waste involving the Property; or (iii) interfering with the Trustee's operation or sale of the Property.

**IV.**

**FOURTH CAUSE OF ACTION**

**[Sale of Property in which a Non-Debtor asserts an interest - 11 U.S.C. § 363(h)]**

26.      The Trustee refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 25, inclusive, of this Complaint as though fully set forth at length herein.

27.      The Trustee is informed and believes, and thereupon alleges that each of the Defendants claim an interest in the Property. Pursuant to Section 363(h), the Trustee seeks to sell the Property free and clear of any interests of the Defendants and recover the value of the Estate's interest in the Property. (*Brace,* 566 B.R. at pp. 15-16.)

28.      The Trustee alleges that the partition of the Property is impracticable.

29.      The Trustee alleges that the sale of the undivided interest in the Property would result in significantly less than a sale of the Property free of any interest of the Defendants.

30.      The Trustee alleges that the benefit to the Estate of the sale of the Property

outweighs the detriment to the Defendants.

31.      The Trustee alleges that the Property is not used in the production, transmission, or

distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

32.      By reason of the foregoing, the Trustee is entitled to sell the Property free and clear

of any interest of the Defendants pursuant to Section 363(h).

**PRAYER**

WHEREFORE, the Trustee respectfully prays for judgment against the Defendants as

follows:

A.      On the first cause of action, for a judicial declaration of the rights and obligations

of the Parties with regard to their respective interests in the Property;

B.      On the second cause of action, for an order for turnover of the Property;

C.      On the third cause of action, for injunctive relief which enjoins the Defendants

from: (i) recording liens against the Property; (ii) committing acts of waste involving the Property;

or (iii) interfering with the Trustee's operation or sale of the Property;

D.      On the fourth cause of action, for permission to sell the Property and the

Defendants' interest in same;

E.      For attorney's fees and costs incurred by the Trustee; and

F.      Such other and further relief as this Court deems just and proper.


DATED:  December 10, 2018            GARRETT & TULLY, P.C.
                                     Zi C. Lin
                                     Adjoa M. Anim-Appiah


                                     /s/ Zi C. Lin
                                     ZI C. LIN
                                     [Proposed] Attorneys for Chapter 7 Trustee,
                                     Wesley H. Avery

GARRETT & TULLY
A PROFESSIONAL CORPORATION

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Wesley H. Avery, Chapter 7 Trustee of the Bankruptcy Estate of Jenny Melendez, an individual | DEFENDANTS<br>Jenny Melendez, an individual, and Clara E. Melendez, an individual |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Zi C. Lin, Garrett & Tully, P.C.<br>225 S. Lake Avenue, Ste 1400<br>Pasadena, CA 91101 | ATTORNEYS (If Known)<br>Randolph R. Ramirez, PC<br>1613 Chelsea Road, Ste 186<br>San Marino, CA 91108 |
| PARTY (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     □ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☒ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
TRUSTEE'S COMPLAINT FOR:
(1) A DECLARATORY JUDGMENT REGARDING PROPERTY OF THE BANKRUPTCY ESTATE;
(2) TURNOVER; (3) INJUNCTIVE RELIEF AND (4) SALE OF A PROPERTY IN WHICH A NON-DEBTOR ASSERTS AN INTEREST;

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [2] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property FRBP 7001(3) – Approval of Sale of Property
- [4] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [3] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [1] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Jenny Melendez, an individual, and Clara E. Melendez, an individual | BANKRUPTCY CASE NO.<br>2:18-bk-20374-ER | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Honorable Ernest M. Robles |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Zi C. Lin | | |
| DATE<br><br>December 10, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Zi C. Lin, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.